IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| DOE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE and JANE DOE, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030** <br><br> **(Expedited Relief)** <br><br> **(Request for Injunctive Relief)** |

Plaintiff Doe, Inc.[1] is the victim of serious computer crimes perpetrated in this judicial district by two foreign nationals, John Doe and Jane Doe ("Defendants"). Although Plaintiff has already identified Defendants and the infrastructure used to carry out the crimes discussed below, Plaintiff uses pseudonyms in this public filing in order to prevent Defendants (or any other third party) from gaining foreknowledge of this action that would permit them to move or destroy the evidence and fruits of Defendants' crimes.

For reasons explained in Plaintiff's emergency motions, publicly identifying the parties before the Court rules on Plaintiff's motions creates a high probability that Defendants will move or destroy the confidential data at issue in this case. The Federal Bureau of Investigation ("FBI") and other relevant law enforcement agencies have already been notified by Plaintiff about Defendants' actions. Plaintiff is filing concurrently with this complaint a motion to file under seal

---

[1] Plaintiff is seeking to temporarily proceed as Doe, Inc. and is filing appropriate motions with the Court explaining why. *See Doe v. Univ. of St. Thomas*, 2016 WL 9307609, at *1 (D. Minn. 2016) (discussing factors relevant to permitting doe plaintiff)(quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). Plaintiff will file an amended complaint identifying the parties in accordance with the Court's rulings on Plaintiff's motions.

additional materials that will identify the parties and assist the Court in adjudicating Plaintiff's exigent claims for relief.

## PARTIES

1. Plaintiff is a corporation that rents computer storage and processing infrastructure within this jurisdiction.

2. Defendants John Doe and Jane Doe are foreign nationals who reside outside this judicial district but have been trespassing in and misusing computer systems within this judicial district for months.

## JURISDICTION AND VENUE

3. This action arises under the Computer Fraud and Abuse Act, 18 U.S.C. §1030. The Court has federal-question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. The Court has personal jurisdiction over Defendants because they knowingly trespassed in and stole data from computers within the state of Iowa on numerous occasions over a course of months.  On information and belief, Defendants also intentionally used computers within the state of Iowa to transmit malicious computer code into computer systems and steal data within the state of Iowa, knowing that injuries would be felt in Iowa.  Pursuant to Iowa's longarm statute, Iowa Code § 617.3, by committing torts in whole or in part in Iowa against an Iowa resident, Defendants are "deemed to be doing business in Iowa."

5. Venue in this district is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the dispute occurred within this district, and because as foreign nationals, Defendants may be sued in any judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff is a global business with operations in the United States. Plaintiff provides, among other things, technology and related services to customers throughout and outside the United States.

7. Plaintiff rents from an Iowa resident computer infrastructure located within this judicial district that is central to its business operations ("subject computers"). Plaintiff relies on the subject computers in the ordinary course of its business to route communications and data throughout Plaintiff's IT network (as defined below), and to communicate with its customers and other external networks via the internet. Certain of the subject computers are data storage locations for Plaintiff's business.

8. The subject computers are part of the IT infrastructure that supports Plaintiff's business ("Plaintiff's IT network") and are protected by security controls, including but not limited to user authentication, password protection and other access controls. One layer of password protection exists at the entryway to Plaintiff's IT network: in order to gain access to the private (non-public) portions of Plaintiff's IT network, a user must have a valid user account and password. These login credentials grant access to the first layer of Plaintiff's IT network, within which Plaintiff among other things, holds and processes confidential business data. There are numerous additional layers and locations within Plaintiff's IT network that are private and can only be accessed by users with further permissions and/or access credentials.

9. Plaintiff recently discovered that Defendants, former third-party service providers who once had limited access privileges within Plaintiff's IT network, carried out numerous computer crimes through and on the subject computers. Among other illegal conduct carried out on the subject computers, Defendants:

(a) fraudulently generated access credentials to Plaintiff's IT network;

(b) gained unauthorized access to systems and data within Plaintiff's IT network; and

(c) installed malicious software inside Plaintiff's IT network designed to steal a specific category of confidential business data from protected storage locations in the subject computers.

10. Defendants' conduct through and on the subject computers has caused substantial harm and expense. Plaintiff has incurred more than $5,000 in "loss" for purposes of the Computer Fraud and Abuse Act, including many person-hours devoted to analyzing numerous digital artifacts and voluminous system logs, as well as cost incurred to attempt to scope and remediate Defendants' theft of confidential business data. Plaintiff's remediation efforts are ongoing.

11. At all times relevant, the Defendants acted pursuant to an agreement and in concert with one another to achieve the common purposes of gaining unauthorized access to the subject computers and stealing confidential business data. Each Defendant acted as the other's agent in taking one or more acts in furtherance of their agreed-to unlawful objectives.

## FIRST CLAIM FOR RELIEF
### Violation of the Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(4)

12. Plaintiff incorporates by reference the allegations set forth above.

13. The subject computers are computers used in and affecting interstate commerce and communication. The subject computers are therefore "protected computers" under 18 U.S.C. § 1030(e)(2).

14. On, among other dates, September 13, 2020, John Doe used his login credentials to gain access to the private portion of Plaintiff's IT network with the intent to defraud Plaintiff.

Once inside the private portion of Plaintiff's IT network, John Doe manipulated Plaintiff's security mechanisms in order to fraudulently and without authorization generate access credentials for protected data storage locations in the subject computers. John Doe then used the fraudulently generated access credentials to impersonate an authorized user and gain access to protected data storage locations in the subject computers. John Doe also used the fraudulently generated access credentials to exfiltrate and misappropriate confidential business data stored on the subject computers.

15. On information and belief, John Doe purposefully and without authorization exfiltrated the aforementioned confidential business data from the subject computers and transmitted it to a third-party data repository located outside Plaintiff's IT network.

16. John Doe carried out the foregoing acts with the intent to defraud Plaintiff and abscond with confidential business data stored on the subject computers. By means of such conduct, John Doe furthered the intended fraud and obtained a thing of value that, on information and belief, John Doe hoped to sell to others.

17. On, among other dates, September 7, 2020, Jane Doe used her login credentials to gain access to the private portion of Plaintiff's IT network with the intent to defraud Plaintiff. Once inside the private portion of Plaintiff's IT network, Jane Doe manipulated Plaintiff's security mechanisms in order to fraudulently generate access credentials for protected data storage locations in the subject computers. Jane Doe then used the fraudulently generated access credentials to impersonate an authorized user and gain access to protected data storage locations in the subject computers. Jane Doe also used the fraudulently generated access credentials to exfiltrate and misappropriate confidential business data from the subject computers.

18. On information and belief, Jane Doe purposefully and without authorization exfiltrated the aforementioned confidential business data from the subject computers and transmitted it to a third-party data repository located outside Plaintiff's IT network.

19. Jane Doe carried out the foregoing acts with the intent to defraud Plaintiff and abscond with valuable confidential business data from the subject computers. By means of such conduct, Jane Doe furthered the intended fraud and obtained a thing of value, namely, valuable confidential business data that, on information and belief, Jane Doe hoped to sell to others.

20. Defendants knowingly and with intent to defraud, accessed protected computers within this judicial district without authorization, and/or exceeded authorized access, and by means of such conduct furthered the intended fraud and obtained a thing of value.

21. Defendants' conduct caused Plaintiff loss and damage to its computer systems within the meaning of 18 U.S.C. § 1030(e)(8) & (11). Defendants' conduct also caused and is continuing to cause Plaintiff irreparable harm that is not compensable by monetary damages but rather can only be redressed through injunctive relief.

## SECOND CLAIM FOR RELIEF
## Violation of the Computer Fraud and Abuse Act
## 18 U.S.C. § 1030(a)(2)(C)

22. Plaintiff incorporates by reference the allegations set forth above.

23. Defendants intentionally accessed the subject computers without authorization and/or exceeded authorized access, and thereby obtained information, including confidential business data, from protected computers, including the subject computers.

24. On information and belief, Defendants purposefully and without authorization exfiltrated the aforementioned confidential business data from the subject computers and transmitted it to a third-party data repository located outside Plaintiff's IT network.

25. Defendants' conduct caused Plaintiff loss and damage to the subject computers, which are computer systems within the meaning of 18 U.S.C. § 1030(e)(8) & (11). Defendants' conduct also caused and is continuing to cause Plaintiff irreparable harm that is not compensable by monetary damages but rather can only be redressed through injunctive relief.

### THIRD CLAIM FOR RELIEF
### Violation of the Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(5)

26. Plaintiff incorporates by reference the allegations set forth above.

27. Defendants knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused damage without authorization, to the subject computers. Defendants used their unauthorized access to install and execute malicious code designed to exfiltrate and misappropriate specific, targeted categories of confidential business data stored on the subject computers.

28. On information and belief, Defendants purposefully and without authorization exfiltrated the aforementioned confidential business data from the subject computers and transmitted it to a third-party data repository located outside Plaintiff's IT network.

29. Defendants intentionally accessed the subject computers without authorization, and as a result of such conduct, recklessly caused damage.

30. Defendants intentionally accessed the subject computers without authorization, and as a result of such conduct, caused damage and loss.

31. Defendants' conduct caused Plaintiff loss and damage to the subject computers, which are computer systems within the meaning of 18 U.S.C. § 1030(e)(8) & (11). Defendants' conduct also caused and is continuing to cause Plaintiff irreparable harm that is not compensable by monetary damages but rather can only be redressed through injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    Entry of judgment in favor of Plaintiff against Defendants;

B.    An order awarding damages caused by Defendants violations of law;

C.    Prejudgment and post-judgment interest;

D.    An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from the violations of law alleged herein, and an order and requiring Defendants and their agents, including service providers, to preserve, not alter, not distribute or reproduce, and to return to Plaintiff the data exfiltrated from the subject computers, and any and all logs, forensic artifacts or other evidence of access to, or acquisition of, data from the subject computers;

E.    An order awarding Plaintiff its reasonable attorney's fees; and

F.    All other additional relief that the Court deems just and proper.

Respectfully submitted,

        THE WEINHARDT LAW FIRM

By /s/ Mark E. Weinhardt_____
   Mark E. Weinhardt                AT0008280
   David N. Fautsch                 AT0013223

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
mweinhardt@weinhardtlaw.com
dfautsch@weinhardtlaw.com


By /s/ Robert L. Uriarte_____
ORRICK, HERRINGTON & SUTCLIFFE LLP
Robert L. Uriarte (*pro hac vice* pending)
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 289-7105
ruriate@orrick.com

ATTORNEYS FOR PLAINTIFF DOE, INC.